Filed 2/24/21  P. v. McElroy CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C090853 |
| Plaintiff and Respondent, | (Super. Ct. No. CM037696) |
| v. | |
| CLARK LESLIE MCELROY III, | |
| Defendant and Appellant. | |

Defendant Clark Leslie McElroy III appeals after the trial court denied his petition for resentencing pursuant to Penal Code section 1170.91.  His appointed counsel asked this court for an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Defendant was informed that he could file a supplemental brief but did not file one.  We conclude defendant is not entitled to *Wende* review and dismiss the appeal.

1

DISCUSSION

Review pursuant to *Wende*, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493], is required only in the first appeal of right from a criminal conviction. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501 (*Serrano*).)

The right to *Anders/Wende* review applies only at appellate proceedings where defendant has a previously established constitutional right to counsel. (*Serrano, supra*, 211 Cal.App.4th at p. 500; *Conservatorship of Ben C., supra*, 40 Cal.4th at pp. 536-537.) The constitutional right to counsel extends to the first appeal of right, and no further. (*Serrano*, at pp. 500-501.) While a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his or her substantial rights (Pen. Code, §§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not constitutional. Thus, defendant is not entitled to *Wende* review in such an appeal. (See *Serrano*, at p. 501 [no *Wende* review for denial of postconviction motion to vacate guilty plea pursuant to Pen. Code, § 1016.5].)

The appeal before us, "although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction." (*Serrano, supra*, 211 Cal.App.4th at p. 501.)

Applying *Serrano* here, defendant has no right to a *Wende* review of the trial court's order denying his section 1170.91 resentencing petition. Because neither defendant nor his counsel raise any claim of error in the criminal conviction, we dismiss defendant's appeal.

DISPOSITION

The appeal is dismissed.

_____
HULL, J.

We concur:

_____
BLEASE, Acting P. J.

_____
MURRAY, J.